UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

)
THERESA H. LUKE,                                       )
                                                                   )
              Plaintiff,                                       )
                                                                   )
v.                                                                 )          Civil No. 12-11903-PBS
                                                                   )
U.S. DEPARTMENT OF JUSTICE,               )
                                                                   )
              Defendant.                                   )
_____)

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS

May 17, 2013

SOROKIN, C.M.J.

The plaintiff, Theresa Luke, sued the Department of Justice ("DOJ") under 5 U.S.C.

§ 552(a)(4)(B) after her Freedom of Information Act ("FOIA") request for access to certain

United States Marshals Service records was administratively denied.  See Doc. Nos. 1, 1-1.  The

DOJ has moved to dismiss the complaint for failure to state a claim or, in the alternative, for

summary judgment.  Doc. No. 14.  Luke opposed the motion, Doc. Nos. 16, 17, and requested a

hearing, Doc. No. 18.  The Court held a hearing on May 16, 2013, at which the plaintiff and

counsel for the DOJ appeared.  Because the information Luke seeks is exempt from the FOIA, I

recommend that the DOJ's motion to dismiss be ALLOWED.[1]

---

[1]It is not necessary to consider the declaration submitted by the DOJ with its motion, as
the DOJ is entitled to judgment as a matter of law based on the facts as Luke has presented them
in her complaint.  Therefore, the Court need not treat the DOJ's motion as one for summary
judgment.

I.      FACTS ALLEGED IN THE COMPLAINT

According to Luke, she served in the United States Army in Vietnam.  She alleges she was placed in the Witness Protection Program in 1973 or 1974.[2]  She believes records related to her military service may have been "released" in 1984 by a Suffolk Superior Court judge.  She does not explain to whom such records were released, or on what authority a state-court judge could release records maintained as part of a federal witness security program.

Luke wrote to the United States Marshals Service ("USMS") Headquarters on July 30, 2012 to request records "concerning [her]self and the Witness Protection Program."  See Doc. No. 19 at 1.  Her request was made pursuant to the FOIA.  Id.  The USMS responded by refusing to confirm or deny the existence of records responsive to Luke's request.  See id. at 3-4 (explaining public release of such information, "if it exists," would jeopardize the effectiveness and security of the program and impede both government law enforcement efforts and witness security functions of the USMS).  Luke promptly appealed to the DOJ's Office of Information Policy, see id. at 5, which reviewed her request and affirmed the USMS's response, see Doc. No. 1-1.  Both the USMS and the DOJ cited, as the basis for their determinations, a FOIA exemption for "matters specifically exempted from release by statute," and identified the statute upon which they relied.  See Doc. No. 1-1 (citing 5 U.S.C. § 552(b)(3) and 18 U.S.C. § 3521(b)(1)(G)).

Luke's request apparently is motivated by various health problems from which she has suffered, her alleged inability to work, her lack of information about a pension to which she

---

[2]According to her response to the DOJ's motion, she was placed in the program because she was "a witness to a crime."  Doc. No. 16 at 2; see also Doc. No. 19 at 1 (asserting she entered the program "due to Army service, testimony given on war crimes, and drug enforcement work").

believes she is entitled, and her desire to learn about her background.

II.     MOTION TO DISMISS STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993).  "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted).

This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

III.   DISCUSSION

Luke seeks an order compelling the DOJ to disclose "records concerning [Luke] and the Witness Protection Program," including "records pertaining to [her] personal life and service records."  Doc. No. 1; see also Doc. No. 16 at 2 (explaining that Luke seeks "records specific to her personal identity, health care, family members, citizenship, place of birth, pension and wage records, criminal records, school records, and financial documents").  She is not entitled to such records under the FOIA.

The FOIA "does not apply to matters that are . . . specifically exempted from disclosure by statute . . . if that statute . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld."  5 U.S.C. § 552(b)(3).  Here, the DOJ identifies the Witness Security Reform Act of 1984 as such a statute, noting it "sets forth the exclusive authority of the Attorney General of the United States to operate the Federal Witness Security Program and to control the dissemination of information related to the Program and its participants."  Doc. No. 15 at 5.  Pursuant to that Act, the Attorney General is authorized to:

> disclose or refuse to disclose the identity or location of the person relocated or protected, or any other matter concerning the person or the program after weighing the danger such a disclosure would pose to the person, the detriment it would cause to the general effectiveness of the program, and the benefit it would afford to the public or to the person seeking the disclosure . . . .

18 U.S.C. § 3521(b)(1)(G).[3]

---

[3]Luke questions whether this provision applies to her, as she alleges she may have been released from the Witness Protection Program in 1984, and the Witness Security Reform Act did not take effect until October 1, 1984.  Doc. No. 17 at 4.  Her complaint, however, does not specify when in 1984 she believes she left the program.  Doc. No. 1.  Moreover, her request for information pursuant to FOIA came long after the relevant exemption (which, the DOJ represented at the motion hearing, applies retroactively) was enacted.

4

The records Luke seeks, by her own allegations, fall squarely within the bounds of this statute.  <u>See</u> Doc. No. 1 (alleging Luke "was in the Witness Protection Program" and seeking "access to records concerning [Luke] and the Witness Protection Program").  In light of Luke's allegations, documents concerning her identity, her family, her background, and her medical care plainly constitute information about "any other matter" concerning a "person relocated or protected."  18 U.S.C. § 3521(b)(1)(G); <u>see</u> Doc. No. 1.  As such, the information is exempt from disclosure pursuant to the FOIA.[4]  <u>See</u> <u>Bonadonna v. U.S. Dep't of Justice</u>, 791 F. Supp. 2d 269, 270 (D. Mass. 2010) (Zobel, J.), <u>summarily aff'd</u>, 2011 WL 4770189 (1st Cir. 2011).

Nothing in Luke's opposition papers or her arguments at the motion hearing alters this conclusion.  <u>See generally</u> Doc. No. 16 (reiterating the facts alleged in the complaint, asking a series of questions, and noting Luke "does not see any reason why" the records she seeks should not be produced); Doc. No. 17 (complaining that the DOJ's motion is "taking up time" and "causing expense," requesting "clarification" of the DOJ's position, and discussing the difficulties faced by participants in the Witness Protection Program).

Nor does Luke's recent motion seeking clarification of the exemption cited by the USMS and DOJ prevent dismissal.  Doc. No. 22.  In that submission, Luke argues that the DOJ is required to produce an affidavit describing the documents it has withheld "with reasonably specific detail," and she complains that the affidavit submitted with the motion to dismiss is not

---

[4]As noted during the motion hearing, the exemption does not preclude the DOJ and the USMS from disclosing the documents Luke seeks, should someone within one of the agencies choose to do so in an appropriate case.  The exemption does mean, however, that Luke has no legal right pursuant to the FOIA to compel disclosure of the documents in the event that the relevant agencies elect to invoke the exemption, as they have here, and decline to produce them voluntarily.

sufficiently specific.  Id. at 1.  No such affidavit is required here, however, where the Court need

not look beyond the face of the complaint to confirm that the category of documents sought by

Luke are entirely within the reach of the relevant statutory exemption, and where that exemption

specifically permits the USMS to refrain from confirming or denying the existence of responsive

documents.  See Bonadonna, 791 F. Supp. 2d at 270 (not requiring an affidavit to justify

dismissal based on the same exemption under similar circumstances).

IV.     CONCLUSION

        Accordingly, I recommend that the Court ALLOW the DOJ's motion (Doc. No. 14),

dismiss the complaint with prejudice, and DENY Luke's motion for clarification (Doc. No. 22).[5]


                                             /s/ Leo T. Sorokin
                                            Chief U.S. Magistrate Judge

---

[5]The Parties are hereby advised that any party who objects to these proposed findings and
recommendations must file a written objection thereto within fourteen days of receipt of this
Report and Recommendation.  The written objections must identify with specificity the portion
of the proposed findings, recommendations, or report to which objection is made, and the basis
for such objections.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b).  The parties are further advised
that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to
comply with Rule 72(b) will preclude further appellate review of the District Court's order based
on this Report and Recommendation.  See Keating v. Sec'y of Health & Human Servs., 848 F.2d
271 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Scott v.
Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st
Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); see also
Thomas v. Arn, 474 U.S. 140 (1985).